**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ALFREDO GARCIA, individually and d/b/a LA PERLA RESTAURANT, <br><br>  Defendant. | Case No.: 1:15-cv-01034-DAD-BAM <br><br> **FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** <br><br> (Doc. 10) <br><br> FOURTEEN-DAY DEADLINE |

### INTRODUCTION

On November 19, 2015, J & J Sports Productions, Inc. ("Plaintiff") filed the instant motion for default judgment against Defendant Alfredo Garcia, individually and doing business as La Perla Restaurant ("Defendant"). (Doc. 10.) Defendant has not responded to the motion or otherwise appeared in this lawsuit. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for January 8, 2015. Having considered the moving papers, the briefing, and the Court's file, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED and judgment be entered in the amount of $3,800 against Defendant.

### FACTUAL BACKGROUND

On July 6, 2015, Plaintiff filed its complaint against Defendant, alleging violations of 47 U.S.C. § 605, *et seq*., and 47 U.S.C. § 553, *et seq*., as well as claims under California state law. As alleged in the Complaint, Plaintiff was granted the exclusive nationwide commercial distribution

1

(closed-circuit) rights to *"Honor + Glory" Saul Alvarez v. Erislandy Lara Championship Fight Program* (the "Program") telecast nationwide on Saturday, July 12, 2014. (Compl. ¶ 14.) Plaintiff entered into sublicensing agreements granting public exhibition rights to various commercial entities throughout the United States, and within the State of California. (Compl. ¶ 15.) Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to these commercial entities. (Compl. ¶ 16.)

On Saturday, July 12, 2014, Jeff Lang ("Lang") entered La Perla Restaurant in Huron, California, at approximately 8:20 p.m. *See* Affidavit of Jeff Lang ("Lang Decl.") (Doc. 10-3 at 2.) While in La Perla Restaurant, Lang noted one 46" flat screen television showing the Program. He estimated the establishment's capacity as 45-50 people, and counted at least 30 patrons before leaving at 8:26 p.m. (Lang Decl., Doc. 10-3 at 2-3.)

Plaintiff alleges that Defendant knowingly and unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the Program at the time of its transmission at the commercial establishment, La Perla Restaurant, owned and operated by Defendant. (Compl. ¶ 17.) Plaintiff further alleges Defendant did so willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain, in violation of 47 U.S.C. § 605, et seq. (Compl. ¶¶ 18-19.) Plaintiff seeks statutory damages for each violation in the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), statutory damages for each willful violation in the amount of $100,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and attorneys' fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). (Compl. ¶ 22.)

On October 20, 2015, after Defendant failed to file an answer, Plaintiff requested entry of default against Defendant, which was entered by the Clerk of the Court on the same day. (Docs. 7, 8.) On November 19, 2015, Plaintiff filed the present motion for default judgment. (Doc. 10.) Plaintiff's motion requests that the Court enter default judgment against Defendant for damages in the amount of $111,400.00. Defendant has not appeared or otherwise defended this action.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the

2

action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (*citing Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. *Id.* at 1472.

Generally, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (*citing Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *accord Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (*citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, but it does not establish the amount of damages. *Geddes*, 559 F.2d at 560.

**DISCUSSION**

**1.     Adequacy of Service of Process**

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of Plaintiff's Motion for Default Judgment. *See BR North 223, LLC v. Glieberman*, No. 1:10-

cv-02153 LJO-BAM, 2012 WL 639500, at *3 (E.D. Cal. Feb. 27, 2012). According to Plaintiff's allegations, Defendant Alfredo Garcia is an owner, operator, licensee, permittee, person in charge or an individual with dominion, control, oversight and management of the commercial establishment doing business as La Perla Restaurant. (Compl. ¶ 7.) Defendant Alfredo Garcia is the sole individual specifically identified on the California Alcoholic Beverage and Control license issued for La Perla Restaurant (ABC #326573). (Compl. ¶ 8.)

Under Federal Rule of Civil Procedure 4(e), an individual, such as Defendant Alfredo Garcia, may be served by:

(1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)  doing any of the following:

 (A)  delivering a copy of the summons and of the complaint to the individual personally; or

 (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

 (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiff contends that service of the summons and complaint in this action was made on Defendant Alfredo Garcia by personal service pursuant to federal law on September 23, 2015. Plaintiff's proof of service indicates that process server Jeff Lang served Alfredo Garcia at 36955 S. Lassen Avenue, Huron, California 93234, at 11:57 a.m. A true and correct copy of the Proof of Service was filed with this Court on October 5, 2015. (Doc. 6.) Based on the Proof of Service, Plaintiff effectuated service on Defendant Alfredo Garcia pursuant to Federal Rule of Civil Procedure 4(e)(2)(A).

Defendant is not an infant, incompetent, or a person in military service or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940. (Declaration of

4

Thomas P. Riley ("Riley Decl."), Doc. 10-2, ¶ 3.) Accordingly, the Court finds that Plaintiff properly served the summons and complaint in this matter.

2. **The *Eitel* Factors Favor Entry of Default Judgment**

The Court finds the *Eitel* factors weigh in favor of granting Plaintiff's application for default judgment. With regard to the first *Eitel* factor, if Plaintiff's application for default judgment were to be denied, it would leave Plaintiff without a remedy and Plaintiff would be prejudiced. This factor therefore weighs in favor of default judgment. *See J & J Sports Prods, Inc. v. Concepcion*, No. C-10-CV-05092 WHA, 2011 WL 2220101, at *2 (N.D. Cal. June 7, 2011).

As to the second and third *Eitel* factors, Plaintiff's substantive claims appear meritorious and the complaint is sufficiently pled. Plaintiff has alleged that Defendant violated sections of Title 47 and set forth the activities supporting substantive violations. Plaintiff also set forth the applicable laws pursuant to which the court may provide relief. These factors weigh in favor of default judgment.

As to the fourth factor, the damages in this case cannot exceed the amounts specified in 47 U.S.C. § 605 and the maximum amount allowable for the tort of conversion. Accordingly, statutory damages cannot exceed $10,000, and enhanced damages may not exceed $100,000. *See* 47 U.S.C. §§ 605(e)(3)(C)(i)(II), 605(e)(3)(C)(ii). Plaintiff is seeking a total of $110,000 in statutory and enhanced damages, along with $1,400 in damages for conversion (or the amount Defendant would have been required to pay to order the Program). Although Plaintiff seeks the maximum statutory and enhanced damages available, the relatively small sum of money at stake and the Court's discretion in awarding enhanced damages weigh in favor of granting default judgment.

As to the fifth factor, there is no dispute of material fact since Defendant failed to respond to either the Complaint or this motion. This factor weighs in favor of default judgment.

As to the sixth factor, it is unlikely that default was the result of excusable neglect. Defendant was properly served and has not appeared in this case. (*See* Docs. 6, 8.) This factor weighs in favor of default judgment.

Finally, the seventh factor supports a default judgment because "although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where defendants refuse to litigate." *Concepcion*, 2011 WL 2220101, at *2. Therefore, this general

policy is outweighed by the more specific considerations, and the motion to enter default judgment will be granted.

Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED.

**3.   Calculation of Damages**

Plaintiff requests $10,000 in statutory damages for violation of 47 U.S.C. § 605(a) and $100,000 in enhanced damages for willful violation pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).  (*See* Doc. 10-1 at 11-19.)   Plaintiff also seeks $1,400 in conversion damages, the minimum amount Defendant allegedly would have been required to pay Plaintiff for a commercial sublicense to publicly exhibit the Program.  (Doc. 10-1 at 20.)

**A.   Statutory Damages**

Plaintiff requests $10,000 in statutory damages as a result of the alleged violation of 47 U.S.C. § 605(a), which "prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming*." J & J Sports Prods., Inc. v. Ro*, No. 09-CV-02860, 2010 WL 668065 at *3 (N.D. Cal. Feb. 19, 2010) (quoting *J & J Sports Prods., Inc. v. Guzman*, No. 08-CV-05469, 2009 WL 1034218 at *2 (N.D. Cal. Apr. 16, 2009)).  The statute provides statutory damages ranging from $1,000 to $10,000 for each violation.  47 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff alleges that Defendant violated Section 605 because "[w]ith full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, . . . Defendant . . . did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at his commercial establishment...."  (Compl. ¶ 17) (italics in original).  However, Plaintiff fails to identify the means of signal transmission, which is necessary to determine whether Plaintiff should be awarded maximum statutory damages pursuant to Section 605.  *See J & J Sports Prods., Inc. v. Deleon*, No. 5:13-CV-02030-EJD, 2014 WL 121711, at *3 (N.D. Cal. Jan. 13, 2014).  Plaintiff admits that it "cannot determine the precise means that the Defendant used to receive the *Program* unlawfully."  (Doc. 10-1 at 8) (italics in original).  The Court notes that the declaration of Plaintiff's affiant, Jeff Lang, includes a photo of a satellite dish, but there is no indication that this dish was connected to La Perla

6

Restaurant. (Doc. 10-3 at 9.) According to Mr. Lang's description, La Perla Restaurant was located in a small strip mall type structure. (Lang Decl. at 1.) There is no evidence that La Perla Restaurant was the only business housed in the strip mall. Despite these facts, Plaintiff contends the court has discretion to award significant damages "[e]ven in . . . cases of commercial signal piracy where there has been no egregious circumstances noted[.]" (Doc. 10-1 at 11.)

Additionally, it is undisputed that Defendant did not charge a cover for patrons to enter La Perla Restaurant to watch the Program, and there is no evidence that Defendant increased prices or required food and drink purchases. Additionally, there was only one television broadcasting the Program. (*See* Lang Decl. at 1.) Plaintiff also presents no evidence Defendant is a repeat offender. Given these facts, the Court in its discretion finds the minimum statutory damage amount to be appropriate. *See, e.g., J & J Sports Prods., Inc. v. Salgadobarajas*, No. 5:13-cv-05557-BLF, 2014 WL 3053485, at *3 (N.D. Cal. Jul. 3, 2014) (awarding statutory minimum where defendant was first-time offender, displayed the program on one television in a room that accommodated one-hundred people, did not charge a cover and there were at most sixty-nine people in the establishment); *J & J Sports Prods., Inc. v. Rodriguez*, No. 5:13-cv-05551-BLF, 2014 WL 2931218, at *3 (N.D. Cal. Jun. 27, 2014) (awarding minimum statutory damages where defendant did not charge a cover or require the purchase of food drink, there were three television sets in the restaurant, there were more than 100 people in the restaurant and there was no evidence that defendant was a repeat offender); *J & J Sports Prods., Inc. v. Deleon*, No. 5:13-cv-02030-EJD, 2014 WL 121711, at *3 (N.D. Cal. Jan. 13, 2014) (awarding minimum statutory damages where defendants did not charge a cover, increase prices or require food and drink purchases, there were a maximum of 23 people in the restaurant, only three televisions and one projector broadcast the program and defendants were not repeat offenders);

Accordingly, the Court RECOMMENDS that Plaintiff be awarded the minimum statutory damages allowed, $1,000.

**B.     Enhanced Damages**

Plaintiff also requests enhanced damages pursuant to Section 605(e)(3)(C)(ii). (Doc. 10-1 at 14-19.) This section authorizes the Court to award up to $100,000, in its discretion, upon finding that

7

the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

The Ninth Circuit has not set forth controlling factors for the determination of when enhanced damages are appropriate in this context, but various factors specific to this unique line of cases have been considered by district courts. These include the "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on the claimant." *Concepcion*, 2011 WL 2220101, at *4. Enhanced damages have also been awarded when the defendant has violated Section 605 on previous occasions. *See J & J Sports Prods., Inc. v. Paniagua*, No. 10-CV-05141-LHK, 2011 WL 996257, at *2 (N.D. Cal. Mar. 21, 2011).

The Court does not find an award of maximum damages under Section 605 appropriate. There is no evidence of significant "commercial advantage or private financial gain" in this instance. Plaintiff has presented evidence that Defendant had only one television set in the commercial establishment that displayed the Program, and the affiant asserts that there were approximately 30 patrons present during the entirety of the investigation. (*See* Lang Decl. at 1-2.) Further, as already discussed, there is no evidence that Defendant assessed a cover charge, required a minimum purchase from patrons, or had a special premium on food and drinks on the night of the fight. *See Kingvision Pay-PerView, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 n.2 (N.D. Cal. 2000) (stating that "[a]n establishment that does not promote itself by advertising the Program, does not assess a cover charge, and does not charge a special premium for food and drinks hardly seems like the willful perpetrators envisioned by the statute's framers."). Plaintiff also has failed to present evidence that Defendant has violated Section 605 on prior occasions.

In light of the above mentioned facts, the Court does not agree that the maximum enhanced damages award is warranted. Although Plaintiff cites primarily to several out-of-district cases to support its request for maximum enhanced damages (*see* Doc. 10-1 at 14-18), Plaintiff has not cited any binding precedent or identified any specific circumstances that justify such a high award here. Accordingly, the Court concludes that an award of $1,400—the value of the commercial license to air the program—is more than adequate and just to compensate Plaintiff for lost profits and to deter

Defendant's future infringement. *See, e.g.*, *Joe Hand Promotion, Inc. v. Munoz*, No. 5:13-CV-05926-EJD, 2014 WL 4100724, at *3 (N.D. Cal. Aug. 20, 2014) (awarding enhanced damages equal to the value of the commercial license where defendant did not charge a cover, there was no evidence of increased prices or required purchases, two televisions displayed the event and 50 patrons were present); *Deleon*, 2014 WL 121711, at *4 (awarding enhanced damages equal to the value of the commercial license where no evidence of cover charge, minimum purchase or special premium, program displayed on three televisions and one projector, and between 9 to 23 patrons present).

Therefore, the Court RECOMMENDS that Plaintiff be awarded $1,400 in enhanced damages.

### C. Damages for Conversion

Plaintiff also seeks $1,400 in damages for conversion under California Civil Code § 3336. (Doc. 10-1 at 20.) Damages for conversion are based on the value of the property at the time of conversion. *See Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981). Here, Plaintiff has shown that it owns the right to distribute the Program at issue and has properly alleged the misappropriation of the right to distribute the Program. As to damages, the "value of the property" was the commercial sublicense fee amount Defendant would have been required to pay, or $1,400. (Affidavit of Plaintiff, Doc. 10-4, ¶ 8 and Ex. 2.)

Accordingly, the Court RECOMMENDS that Plaintiff be awarded $1,400 in damages for conversion.

### CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's application for default judgment (Doc. 10) be GRANTED and judgment be entered in favor of Plaintiff and against Defendant in the amount of $3,800 in total damages.

The Clerk of the Court is directed to SERVE a copy of these findings and recommendations by mail on Defendant Alfredo Garcia, individually and d/b/a La Perla Restaurant, at the following address: 36955 S. Lassen Avenue, Huron, California 93234.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and

recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 6, 2016**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE